## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

Kenneth Ray Mitchell,          )    C/A No. 0:12-242-CMC-PJG
                               )
              Petitioner,   )
                               )    **REPORT AND RECOMMENDATION**
v.                           )
                               )
Ronaldo Myers of ASGDC Warden; Middleton )
J. Pope, Co. (AMDT.),             )
                               )
             Respondents.   )
_____ )

       The petitioner, Kenneth Ray Mitchell ("Petitioner"), proceeding *pro se*, brings this action apparently pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is a local detainee and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

       Petitioner seeks a writ of habeas corpus because he alleges that the state has denied his constitutional rights, including his right to due process, and that the state is abusing its authority over him. (ECF No. 1 at 1-3.) Petitioner seems to allege that he is unlawfully in jail and that his rights have been denied. (Id. at 1.) Petitioner seems to rely on 28 U.S.C. § 2241(c)(3) by asserting that he is in custody in violation of the Constitution.

       Further, Petitioner alleges that he wrote a prior petition for a writ of habeas corpus on January 4, 2012 and mailed it to the attention of L.W. Propes. (Id. at 4.) He seems to allege that around January 19, 2012, his document was returned to him, and that this

action was therefore delayed in its filing. (Id.) He alleges that the personnel at the Alvin S. Glenn Detention Center wasted his time, money, ink, paper, postage, and liberty, and that they should be in federal prison. (Id.) Petitioner also seems to allege that the detention center personnel committed mail fraud. (Id. at 1.)

Although Petitioner does not mention why he is being detained in the detention center, this court takes judicial notice that he filed a prior civil action pursuant to § 1983 on October 20, 2011, which this court dismissed without prejudice on January 17, 2012. (See Opinion and Order, Mitchell v. Lewis, C/A No. 0:11-2860-CMC-PJG (D.S.C. Jan. 17, 2012), ECF No. 15.) It is appropriate for this district court to take judicial notice of Petitioner's prior cases. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' "). In that prior action, this court took judicial notice of the following:

> [A]ccording to the Richland County Fifth Judicial Circuit Court's Public Index web site, Plaintiff is charged with possession of a stolen vehicle (case number: M723879; arrest date: 07/13/2011; indictment number: 2011GS4004318; true bill date: 09/08/2011). Plaintiff also has a pending Richland County General Sessions Court charge of assault of a high and aggravated nature (case number: I938379; arrest date: 08/22/2010; indictment number: 2011GS4000363; true bill date: 01/19/2011). See http://www4.rcgov.us/PublicIndex/Default.aspx (last visited November 16, 2011); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). The court also takes judicial notice that, according to the Alvin S. Glenn Detention Center's Offender Information web site, Plaintiff was booked into the facility on 07/13/2011 and is being held in lieu of a $25,000 surety bond. See https://jail.richlandonline.com/public/default.aspx (last visited November 16, 2011). See Williams v. Long, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (collecting cases in which courts have found postings on government web sites as inherently authentic or self-authenticating).

(See Report and Recommendation, <u>Mitchell v. Lewis</u>, No. 0:11-2860-CMC-PJG (D.S.C. Jan. 4, 2012), ECF No. 11 at 2 n.2.)  A review of the Richland County Fifth Judicial Circuit Court's Public Index web site indicates that indictments for possession of a stolen vehicle and assault of a high and aggravated nature are still pending against Petitioner.  <u>See</u> http://www4.rcgov.us/publicindex/PISearch.aspx?CourtType=G (enter "Kenneth Ray Mitchell" and Search Public Index) (last visited Feb. 27, 2012).

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and in light of the following precedents: <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; <u>see</u> <u>also</u> Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions.  <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, <u>id</u>; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal

PJG

district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction.  However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, " 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.' "  United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)).  Generally though, " 'an attempt to dismiss

PJG

an indictment or otherwise prevent a prosecution' " is not attainable through federal habeas corpus.  Dickerson, 816 F.2d at 226 (quoting Brown v. Estelle, 530 F.2d 1280 (5th Cir. 1976)).  A federal writ of habeas corpus under 28 U.S.C. § 2241 can only be sought *after* the petitioner has exhausted his state remedies.[1]  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion required under 28 U.S.C. § 2241); Moore v. DeYoung, 515 F.2d 437, 442-43 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241).

In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996).  The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  Younger, 401 U.S. at 43-44 (citation omitted).  From Younger and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  Here, Petitioner is a pretrial detainee charged with two crimes, so clearly an ongoing state criminal proceeding

---

[1] Exhaustion is statutorily required by 28 U.S.C. § 2254; whereas, when a petition for writ of habeas corpus is brought by a state prisoner pursuant to 28 U.S.C. § 2241, the exhaustion of state remedies is a judicially created requirement.

PJG

exists.  The second criteria has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  Kelly v. Robinson, 479 U.S. 36, 49 (1986). The United States Supreme Court also addressed the third criteria in noting " 'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' "  Gilliam, 75 F.3d at 903 (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

To determine if extraordinary circumstances exist to justify pretrial federal interference with state proceedings, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention.  Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975).  Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown.  Id.; cf. Gilliam, 75 F.3d at 904 (a colorable claim of a double jeopardy violation is one of the very few extraordinary circumstances justifying federal court intervention in a pending state criminal proceeding).  In this case, where his allegations are vague and general, Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate.  Petitioner should be able to raise his due process claims, or claims that the state is abusing its authority, to the state courts during trial and post-trial proceedings.  Since Petitioner can pursue his claims in state court both during and after trial, he fails to show that he has no adequate remedy at law and will suffer irreparable injury.  See Younger, 401 U.S. at 43-44.  Petitioner is, therefore, precluded from federal habeas relief at this time, and his Petition should be dismissed.

Lastly, to the extent Petitioner alleges that detention center personnel committed criminal mail fraud by delaying the filing of this Petition, he does not allege a cognizable claim. Petitioner cannot have the court prosecute criminal charges against another person as "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")).

## RECOMMENDATION

Accordingly, the court recommends that Petitioner's habeas petition in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 27, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).